[Cite as *Lambert v. Dept. of Rehab. & Corr.*, 2010-Ohio-6321.]

# Court of Claims of Ohio

The Ohio Judicial Center
65 South Front Street, Third Floor
Columbus, OH 43215
614.387.9800 or 1.800.824.8263
www.cco.state.oh.us

LOREN LAMBERT

    Plaintiff

    v.

DEPARTMENT OF REHABILITATION AND CORRECTION

    Defendant

    Case No. 2009-06991-AD

Deputy Clerk Daniel R. Borchert

MEMORANDUM DECISION

## FINDINGS OF FACT

{¶ 1} 1) On or about October 15, 2007, plaintiff, Loren M. Lambert, Jr., an inmate incarcerated at defendant's Chillicothe Correctional Institution (CCI), was transferred from the CCI general population to a segregation unit. Plaintiff's personal property was inventoried, packed, and delivered into the custody of CCI staff incident to this transfer. Plaintiff explained he was subsequently given an opportunity to examine a copy of his Inmate Property Record (inventory), compiled when his property was packed. Plaintiff pointed out that after examining his inventory he notified CCI personnel that multiple property items consisting of art work, art supplies, commissary items, and legal work were not listed on the inventory and presumedly had not been packed. Plaintiff stated, "I then found out through other inmates that inmate Colver, #475-434 (Culver), had my property, so I sent word to him to give my property to (CCI employee) Sgt. Disantis."

{¶ 2} 2) On or about November 1, 2007, plaintiff was transferred from CCI to defendant's Ross Correctional Institution (RCI). Plaintiff noted that while he was

awaiting transfer to RCI he had an opportunity to examine his property inventory and discovered that multiple property items that had been in the possession of inmate Culver were not listed on the inventory. Plaintiff related he informed CCI staff about the property that was in the possession of inmate Culver and he was assured that the property would be retrieved. Plaintiff further related he was told by a CCI employee that his remaining property would be forwarded to "RCI on the Lucasville hub transport bus." Plaintiff recalled he was transferred to RCI without the property that was in the possession of inmate Culver and when he subsequently went to the RCI vault to retrieve legal work he discovered none of the items possessed by inmate Culver had been forwarded to RCI. Plaintiff asserted he later learned the property in Culver's possession had been confiscated by CCI staff and Culver was issued a conduct report for contraband possession. Plaintiff further asserted he discovered the confiscated property had been sent from CCI to the Southern Ohio Correctional Facility (SOCF) on the SOCF Lucasville transport bus and the property was stored in the SOCF vault. Plaintiff advised that he never regained possession of the property that had allegedly been sent to SOCF and stored in the SOCF property vault. Plaintiff filed this action contending defendant, Department of Rehabilitation and Correction (DRC) should bear liability for the loss of multiple property items confiscated by CCI staff from inmate Culver. Plaintiff seeks recovery of damages in the amount of $1,067.69, the stated value of art work, art supplies, legal work, and items purchased at the CCI commissary. Payment of the filing fee was waived.

{¶ 3} 3) Defendant acknowledged plaintiff's property was packed on October 15, 2007 when he was placed in segregation. Defendant asserted all of plaintiff's property that could be identified as his was packed and placed in the CCI property vault. Defendant further acknowledged that on November 1, 2007, inmate Culver delivered a "trash bag of miscellaneous items" to staff at CCI. Defendant related, "Inmate Culver stated that Inmate Lambert, the plaintiff, had given him these items to hold for him while he was locked up" in the CCI segregation unit. Defendant advised Culver was issued a conduct report at that time for possession of contraband and the property he identified as belonging to plaintiff was confiscated. Culver was subsequently found guilty of possession of contraband and the confiscated property "was ordered destroyed." Defendant denied ever exercising control over the declared contraband until it was

confiscated from Culver's possession. Defendant noted, "[i]t is a violation of the inmate rules of conduct for an inmate to possess the property of another, or to possess contraband." Defendant contended that due to the fact property allegedly owned by plaintiff was possessed by another inmate, plaintiff has no remedy for loss or destruction of such property, which is considered contraband. Additionally, defendant disputed plaintiff's assertions regarding the type, quantity, and quality of the confiscated property items as well as plaintiff's damage claim.

{¶ 4} 4) Plaintiff filed a response insisting that the property items subject to this claim were "left behind" by the CCI employee, who conducted the property pack up on October 5, 2007. Plaintiff asserted inmate Culver then "helped himself" to the property that was allegedly "left behind." Plaintiff stated he, "signed for the property that was packed up by the guard and he received it." Plaintiff contended Culver stole the property listed in the complaint and subsequently lied about being asked to hold the property for plaintiff. Plaintiff maintained his property was originally subject to theft as a result of negligence on the part of CCI staff in not conducting a complete and accurate pack up.

## CONCLUSIONS OF LAW

{¶ 5} 1) In order to prevail, plaintiff must prove, by a preponderance of the evidence, that defendant owed him a duty, that it breached that duty, and that defendant's breach proximately caused his injuries. *Armstrong v. Best Buy Company, Inc.,* 99 Ohio St. 3d 79, 2003-Ohio-2573,¶8 citing *Menifee v. Ohio Welding Products, Inc.* (1984), 15 Ohio St. 3d 75, 77, 15 OBR 179, 472 N.E. 2d 707.

{¶ 6} 2) "Whether a duty is breached and whether the breach proximately caused an injury are normally questions of fact, to be decided by . . . the court . . ." *Pacher v. Invisible Fence of Dayton*, 154 Ohio App. 3d 744, 2003-Ohio-5333,¶41; *Mussivand v. David* (1989), 45 Ohio St. 3d 314, 318, 544 N.E. 2d 265.

{¶ 7} 3) Although not strictly responsible for a prisoner's property, defendant had at least the duty of using the same degree of care as it would use with its own property. *Henderson v. Southern Ohio Correctional Facility* (1979), 76-0356-AD.

{¶ 8} 4) This court in *Mullett v. Department of Correction* (1976), 76-0292-AD, held that defendant does not have the liability of an insurer (i.e., is not liable without fault) with respect to inmate property, but that it does have the duty to make "reasonable

attempts to protect, or recover" such property.

{¶ 9} 5)    Plaintiff has the burden of proving, by a preponderance of the evidence, that he suffered a loss and that this loss was proximately caused by defendant's negligence. *Barnum v. Ohio State University* (1977), 76-0368-AD.

{¶ 10} 6)    Plaintiff must produce evidence which affords a reasonable basis for the conclusion defendant's conduct is more likely than not a substantial factor in bringing about the harm. *Parks v. Department of Rehabilitation and Correction* (1985), 85-01546-AD.

{¶ 11} 7)    Plaintiff's failure to prove delivery of property to defendant constitutes a failure to show imposition of a legal bailment duty on the part of defendant in respect to lost property. *Prunty v. Department of Rehabilitation and Correction* (1987), 86-02821-AD.

{¶ 12} 8)    Plaintiff cannot recover for property loss when he fails to produce sufficient evidence to establish that defendant actually assumed control over the property claimed. *Whiteside v. Orient Correctional Inst.*, Ct. of Cl. No. 2002-05751, 2005-Ohio-4455 obj. overruled, 2005-Ohio-5068.

{¶ 13} 9)    The allegation that a theft may have occurred is insufficient to show defendant's negligence. *Williams v. Southern Ohio Correctional Facility* (1985), 83-07091-AD; *Custom v. Southern Ohio Correctional Facility* (1986), 84-02425. Plaintiff must show defendant breached a duty of ordinary or reasonable care. *Williams*.

{¶ 14} 10)    Defendant is not responsible for thefts committed by inmates unless an agency relationship is shown or it is shown that defendant was negligent. *Walker v. Southern Ohio Correctional Facility* (1978), 78-0217-AD.

{¶ 15} 11)    Plaintiff has failed to prove a causal connection between any property loss and any breach of duty owed by defendant in regard to protecting inmate property. *Druckenmiller v. Mansfield Correctional Inst.* (1998), 97-11819-AD.

{¶ 16} 12)    Plaintiff has failed to prove, by a preponderance of the evidence, that any of his property was stolen as a proximate result of any negligent conduct attributable to defendant. *Fitzgerald v. Department of Rehabilitation and Correction* (1998), 97-10146-AD.

{¶ 17} 13)    The credibility of witnesses and the weight attributable to their testimony are primarily matters for the trier of fact. *State v. DeHass* (1967), 10 Ohio St.

2d 230, 39 O.O. 2d 366, 227 N.E. 2d 212, paragraph one of the syllabus. The court is free to believe or disbelieve, all or any part of each witness's testimony. *State v. Antill* (1964), 176 Ohio St. 61, 26 O.O. 2d 366, 197 N.E. 2d 548. In the instant action, the trier of fact finds that the statements of plaintiff are not particularly credible regarding the acts of inmate Culver. The trier of fact finds the evidence tends to indicate plaintiff voluntarily delivered property to Culver.

{¶ 18} 14) Plaintiff has no right to pursue a claim for destroyed property in which he cannot prove any right of ownership. *DeLong v. Department of Rehabilitation and Correction* (1988), 88-06000-AD. Defendant cannot be held liable for contraband property that plaintiff has no right to possess. *Beaverson v. Department of Rehabilitation and Correction* (1988), 87-02540-AD; *Radford v. Department of Rehabilitation and Correction* (1985), 84-09071. The acts of plaintiff in voluntarily relinquishing possession of property to another inmate constitutes evidence that ownership rights were relinquished. *Johnson v. Ohio Reformatory for Women*, Ct. of Cl. No. 2004-01087, 2004-Ohio-4818.

{¶ 19} 15) An inmate is barred from pursuing a claim for the loss of property when such property is declared impermissible pursuant to departmental policy. *Zerla v. Dept. of Rehab. and Corr.* (2001), 2000-09849-AD.

# Court of Claims of Ohio

The Ohio Judicial Center
65 South Front Street, Third Floor
Columbus, OH 43215
614.387.9800 or 1.800.824.8263
www.cco.state.oh.us

LOREN M. LAMBERT, JR.

Plaintiff

v.

DEPT. OF REHABILITATION AND CORRECTION

Defendant

Case No. 2009-06991-AD

Deputy Clerk Daniel R. Borchert

ENTRY OF ADMINISTRATIVE DETERMINATION

Having considered all the evidence in the claim file and, for the reasons set forth in the memorandum decision filed concurrently herewith, judgment is rendered in favor of defendant. Court costs are assessed against plaintiff.

_____
DANIEL R. BORCHERT
Deputy Clerk

Entry cc:

Loren M. Lambert, Jr., #179-949
P.O. Box 7010
Chillicothe, Ohio 45601

Gregory C. Trout, Chief Counsel
Department of Rehabilitation
and Correction
770 West Broad Street
Columbus, Ohio 43222

RDK/laa
7/22
Filed 9/8/10
Sent to S.C. reporter 12/17/10